Case MDL No 2452 Document 71 Filed 08/26/13 Page 1 of 4



I hereby attest and certify on **Aug 29, 2013** that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ K. Johnson
Deputy

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION



FILED
AUG 2 6 2013
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN RE: INCRETIN MIMETICS
PRODUCTS LIABILITY LITIGATION          MDL No. 2452

### TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in two Southern District of California actions move to centralize this litigation, which involves four anti-diabetic medications that plaintiffs contend cause pancreatic cancer, in the Southern District of California. This litigation currently consists of 53 actions pending in seven districts, as listed on Schedule A.[1]

All responding parties support centralization. Plaintiffs in fifteen Southern District of California actions and a District of Arizona action support plaintiffs' motion in its entirety. Defendants[2] support centralization in the Southern District of California or, alternatively, the District of Colorado or the Western District of Oklahoma.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that the use of one or more of four anti-diabetic incretin-based medications – Janumet (sitagliptin combined with metformin), Januvia (sitagliptin), Byetta (exenatide) and Victoza (liraglutide) – caused them or their decedent to develop pancreatic cancer. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly on such matters as *Daubert* rulings); and conserve the resources of the parties, their counsel, and the judiciary.

We are "typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products." *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012). Plaintiffs in the cases now before us, however, make highly similar allegations about each of the four drugs that manage blood insulin levels and the propensity of those drugs to cause pancreatic cancer. Several plaintiffs took more than one of the drugs at issue, which suggests that discovery specific to the plaintiffs in those cases will involve

---

[1] The parties have notified the Panel of 44 additional related actions pending in various districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] Novo Nordisk, Inc. (Novo Nordisk); Merck Sharp & Dohme Corp. (Merck) and Amylin Pharmaceuticals, LLC, and Eli Lilly and Co. (Amylin and Eli Lilly).

-2-

many of the same or substantially similar documents and witnesses. Moreover, the involved defendants all support centralization. Accordingly, there are substantial efficiencies to be gained by having all allegations regarding this class of drugs in a single forum. The transferee judge, of course, has substantial discretion to employ any number of pretrial techniques in the structuring of pretrial proceedings in order to accommodate any individual issues that may arise.

Defendants also request that the title of this litigation be changed to more accurately reflect the class of drugs involved in the cases now before us. We grant this request. Merck, Amylin and Eli Lilly suggest that the caption be changed to *In re GLP-1/DPP-4 Products Liability Litigation*, while Novo Nordisk suggests *In re Incretin-Based Therapies Products Liability Litigation*. The latter caption appears to best convey the subject matter of these cases – whether the use of certain incretin-based therapies (which regulate blood insulin levels by either (1) mimicking the incretin hormone GLP-1 or (2) inhibiting the effect of the enzyme DPP-4) leads to the development of pancreatic cancer.

The Southern District of California stands out as an appropriate transferee forum for this litigation. The majority of the pending actions, including the first-filed action, have been filed in or removed to this district. Most actions are pending before Judge Anthony J. Battaglia, and discovery in these actions is underway. This district also enjoys the support of all responding plaintiffs and defendants, including defendant Amylin, which developed Byetta in this district and has company offices there. Further, centralization in this district will foster the coordination of this federal court litigation with the pending state court coordinated proceedings in California state court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Anthony J. Battaglia for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the caption of this litigation is changed to *In re Incretin-Based Therapies Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

IN RE: INCRETIN MIMETICS
PRODUCTS LIABILITY LITIGATION                                     MDL No. 2452

## SCHEDULE A

### District of Arizona

Jackie Ruiz v. Merck & Company, Inc., et al., C.A. No. 4:13-00228
Mary Jo Andrews v. Merck, Sharp & Dohme Corporation, et al., C.A. No. 4:13-00229

### Southern District of California

Moses Scott v. Merck & Co., Inc., et al., C.A. No. 3:12-02549
Jan Wright v. Merck & Co., Inc., et al., C.A. No. 3:12-02553
Guy Riley v. Merck & Co., Inc., et al., C.A. No. 3:12-02556
Clara Smith v. Merck & Co., Inc., et al., C.A. No. 3:12-02557
Betty Garber v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-02560
Heidie Skinner v. Merck & Co., Inc., et al., C.A. No. 3:12-02561
Fayette Thomas v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-02562
Linda Raines v. Amylin Pharmaceuticals, Inc., et al., C.A. No.3:12-02566
Hamid Haqq v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-02572
Christopher Borden v. Merck & Co., Inc., et al., C.A. No. 3:12-02782
Cheryl Ostman v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-02965
Ronald Cacossa v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-03020
Ann Jay v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-03021
James Gray Gilbert, Jr. v. Amylin Pharmaceuticals, Inc., et al., C.A. No. 3:12-03026
Joyce Kovelman v. Merck & Co., Inc., et al., C.A. No. 3:12-03079
Marie Reed v. Merck & Co., Inc., et al., C.A. No. 3:13-00003
Robin Raesky v. Merck & Co., Inc., et al., C.A. No. 3:13-00076
Ralph Thibodeaux v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00126
Vickie Lankford v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00381
Barbara Lenyard v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00515
Lucian Baker v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00516
Dorothy Panko v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00632
Rosalie Duhon v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00662
Jeannie M. Donelan v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00664
Wayne Cser v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00665
Jerome Goldwire, et al. v. Merck & Co., Inc., et al., C.A. No. 3:13-00691
Reita Noe v. Merck & Co., Inc., et al., C.A. No. 3:13-00692
Benny Verania v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00693
Alan S. Burstein, et al. v. Merck & Co., Inc., et al., C.A. No. 3:13-00695
Marty Ward v. Merck & Co., Inc., et al., C.A. No. 3:13-00703
Angelo Consilvio v. Merck & Co., Inc., et al.,C.A. No. 3:13-00732

- A2 -

## Southern District of California (continued)

Edward Naufel, et al. v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00733
George Haray, et al. v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00734
Marlene Crowell v. Merck & Co., Inc., et al., C.A. No. 3:13-00745
John McGerald v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00747
Molly McLin v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00748
James Skazis v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00750
Beverly Mitchell v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00754
Robert Loftus, et al. v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 3:13-00812
Darrell Stevenson v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00817
Regina Sponaugle v. Novo Nordisk Inc., et al., C.A. No. 3:13-00818
Angela McMurren v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00821
Francisca Anderson v. Merck Sharp & Dohme Corp. et al., C.A. No. 3:13-00823
Juanita A. Benton v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00824
Jeanette Herbel v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00833

## District of Colorado

Theresa Graham v. Merck & Co., Inc., et al., C.A. No. 1:13-00878

## District of Kansas

Vernie Young v. Amylin Pharmaceuticals, LLC, et al., C.A. No. 2:13-02152

## Eastern District of Missouri

Dawn Mooney v. Merck Sharp & Dohme Corp., et al., C.A. No. 4:13-00598

## Western District of Oklahoma

Roy Wickware v. Merck Sharp & Dohme Corp., et al., C.A. No. 5:13-00330
Marion Ross v. Merck Sharp & Dohme Corp., et al., C.A. No. 5:13-00332

## Middle District of Pennsylvania

Nancy Sylvainus, et al. v. Merck Sharp & Dohme Corp., et al., C.A. No. 3:13-00866